UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

AMERICAN HOTEL INTERNATIONAL GROUP INC., et al.,

        Plaintiffs,

-against-

ONEBEACON INSURANCE COMPANY et al.,

        Defendants.

----------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/09
```

01 Civ. 654 (CM)(MHD)

### ORDER

McMahon, J.:

    I thank counsel for your customary excellent letters on the subject of whether the Second Circuit's reversal of Judge Casey's choice of law finding, and its vacatur of the judgment, require the court to retry the defendant's counterclaim as well as plaintiff's claim.

    Judge Casey clearly and explicitly held that the counterclaim was actionable because plaintiff's defense to that counterclaim – a purported 1999 oral modification to the Broker's Agreement – was barred by New York's statute of frauds. His reasoning runs afoul of the Second Circuit's opinion and was necessarily (if not explicitly) rejected by the Court of Appeals. To permit the counterclaim to stand on that basis would not be consistent with the terms of the remand, which calls for further proceedings "not inconsistent with" the Second Circuit's opinion.

    However, Judge Casey also announced (albeit in a footnote) an alternative reason why CGU was entitled to summary judgment: assuming Pennsylvania law governed, the purported 1999 modification was not enforceable because plaintiff "has failed to establish" that any consideration was given in exchange for the modification. (Casey Op. at n.7, page 15) Pennsylvania law provides that no agreement may be modified by subsequent oral agreement absent proof of legally sufficient consideration or a substitute therefore. Kreutzer v. Monterey County Herald Co., 5560 Pa. 600, 606, 747 A. 2d 358, 362 (2000).

    Of course, on a motion for summary judgment, Aramarine did not need to "establish" anything; it need only offer evidence that raises a genuine issue of material fact that would entitle it to a trial. But the necessary import of Judge Casey's statement, "CGU would still be entitled to summary judgment on its counterclaims," is that Aramarine failed to offer the proof needed to raise a genuine issue of fact in its response to CGU's motion. Judge Casey's finding that there

was no evidence of consideration for the purported 1999 oral modification "must be treated as established in the action," Fed. R. Civ. P. 56(d)(1), unless something in the Second Circuit's decision suggests that the Court of Appeals found evidence of consideration in the record. Nothing in the court's opinion so suggests.[1] Therefore, Judge Casey's alternative ruling, which was made pursuant to Pennsylvania law, does not run afoul of the Second Circuit's decision.

I conclude that it is "not inconsistent with" the mandate of the Court of Appeals to retry only the plaintiff's claim and not to retry the defendant's counterclaim. However, any judgment plaintiff recovers on its claim will be offset against the amount recovered by defendant on the counterclaim.

Dated: April 6, 2009

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

---

[1] Defendant argues that Aramarine may not even have raised this issue before the Second Circuit. (See Def. Appeal Br. at n.20). I need not decide whether it did or didn't.